

FILED
4/15/2026
JKS
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNITED STATES OF AMERICA

v.

LAURA MAYERLY SALCEDO CHAVES,
JUAN MOYANO, and
GUILLERMO DEJESUS RAMIREZ JAIMEZ

Case No.: **1:26-cr-00176**
**Judge Martha M. Pacold**
**Magistrate Judge Heather K. McShain**
**Random/Cat 4**

Violations: Title 18, United States Code, Sections 1956(a)(1)(B)(i), 1956(a)(2)(B)(i), 1956(h), and 2

## COUNT ONE

The SPECIAL JANUARY 2026 GRAND JURY charges:

Beginning no later than in or around March 2024 and continuing until at least in or around August 2024, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

LAURA MAYERLY SALCEDO CHAVES,

defendant herein, did conspire with Individual A and with others unknown to the Grand Jury, to commit offenses in violation of Title 18, United States Code, Section 1956, namely:

(a)     to knowingly conduct and attempt to conduct and attempt to conduct a financial transaction affecting interstate and foreign commerce, which involved the proceeds of a specified unlawful activity, namely, the felonious buying and selling and otherwise dealing in a controlled substance, knowing that the transaction was designed, in whole and in part, to conceal and disguise the nature, location, source, ownership, and control of the proceeds of the specified unlawful activity, and that while conducting and attempting to conduct such financial

transaction knew that the property involved in the financial transaction represented the proceeds of some form of unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i) and

(b)     to transport, transmit, and transfer a monetary instrument and funds from a place in the United States to or through a place outside the United States, knowing that the monetary instrument and funds involved in the transportation, transmission, and transfer represented the proceeds of some form of unlawful activity and knowing that such transportation, transmission, and transfer was designed in whole or in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of specified unlawful activity, namely, the felonious buying, selling, and otherwise dealing in a controlled substance, in violation of Title 18, United States Code, Section 1956(a)(2)(B)(i);

All in violation of Title 18, United States Code, Section 1956(h).

2

## COUNT TWO

The SPECIAL JANUARY 2026 GRAND JURY further charges:

On or about March 13, 2024, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

LAURA MAYERLY SALCEDO CHAVES
and JUAN MOYANO,

defendants herein, did knowingly conduct a financial transaction affecting interstate and foreign commerce, namely, the transfer and delivery of approximately $199,636 in United States currency, which involved the proceeds of a specified unlawful activity, namely, the felonious buying and selling and otherwise dealing in a controlled substance, knowing that the transaction was designed in whole and in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of the specified unlawful activity, and that while conducting such financial transaction, knew that the property involved in the financial transaction represented the proceeds of some form of unlawful activity;

In violation of Title 18, United States Code, Sections 1956(a)(1)(B)(i) and 2.

## COUNT THREE

The SPECIAL JANUARY 2026 GRAND JURY further charges:

On or about April 2, 2024, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

LAURA MAYERLY SALCEDO CHAVES,

defendant herein, did knowingly conduct a financial transaction affecting interstate and foreign commerce, namely, the transfer and delivery of approximately $228,000 in United States currency, which involved the proceeds of a specified unlawful activity, namely, the felonious buying and selling and otherwise dealing in a controlled substance, knowing that the transaction was designed in whole and in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of the specified unlawful activity, and that while conducting such financial transaction, knew that the property involved in the financial transaction represented the proceeds of some form of unlawful activity;

In violation of Title 18, United States Code, Sections 1956(a)(1)(B)(i) and 2.

## COUNT FOUR

The SPECIAL JANUARY 2026 GRAND JURY further charges:

On or about July 2, 2024, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

LAURA MAYERLY SALCEDO CHAVES
and GUILLERMO DEJESUS RAMIREZ JAIMEZ,

defendants herein, did knowingly conduct a financial transaction affecting interstate and foreign commerce, namely, the transfer and delivery of approximately $100,000 in United States currency, which involved the proceeds of a specified unlawful activity, namely, the felonious buying and selling and otherwise dealing in a controlled substance, knowing that the transaction was designed in whole and in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of the specified unlawful activity, and that while conducting such financial transaction, knew that the property involved in the financial transaction represented the proceeds of some form of unlawful activity;

In violation of Title 18, United States Code, Sections 1956(a)(1)(B)(i) and 2.

## FORFEITURE ALLEGATION

The SPECIAL JANUARY 2026 GRAND JURY further alleges:

1.      Upon conviction of an offense in violation of Title 18 United States Code, Section 1956, as set forth in this Indictment, defendants shall forfeit to the United States of America any property involved in such offense, and any property traceable to such property, as provided in Title 18, United States Code, Sections 981(a)(1)(A) and (a)(1)(C) and 982(a)(1).

2.      The property to be forfeited includes, but is not limited to, a personal money judgment.

3.      If any of the property described above, as a result of any act or omission by a defendant: cannot be located upon the exercise of due diligence; has been transferred or sold to, or deposited with, a third party; has been placed beyond the jurisdiction of the Court; has been substantially diminished in value; or has been commingled with other property which cannot be divided without difficulty, the United States of America shall be entitled to forfeiture of substitute property, as provided by Title 21, United States Code Section 853(p).

A TRUE BILL:

_____
FOREPERSON

_____
Signed by Aaron R. Bond on behalf of the
UNITED STATES ATTORNEY

6